IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD J. BENFORD,

Plaintiff,

vs.

SGT. ALFARO, et al.,

Defendants.

CV F 05 0183 LJO WMW P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the May 16, 2005, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Avenal State Prison. Plaintiff names the following individual defendants: Kathy Mendoza-Powers, Warden; Associate Warden Sodly; L. Lopez; J. P. Melero; Sergeant Alfaro.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a

plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff sets forth generalized claims regarding the conditions of his confinement. Plaintiff alleges generally that Warden Powers has allowed prison officials to abuse their authority. Plaintiff alleges that defendant has allowed racial discrimination to occur, job discrimination, mail tampering, and "outright destruction of the U.S. Mail Process." Plaintiff alleges that the prison has operated without a mailroom for twenty years.

As to the mail, Plaintiff alleges that money orders and property have been stolen from inmates. Plaintiff alleges that property has been taken and destroyed by officers. Plaintiff is advised that any claim regarding property, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). In the instant case, plaintiff has not alleged any facts which suggest that the deprivation of his personal

property was "authorized" under the definition above. Further, Plaintiff's allegations regarding the mail refer to the inmate population in general, and refer to correctional officers in general. In order to state a claim under section 1983, Plaintiff must allege facts indicating that a named defendant engaged in conduct that deprived Plaintiff of a protected interest. Plaintiff has not done so here.

Plaintiff also sets forth generalized claims regarding his classification status. Plaintiff alleges that he has not had a hearing regarding a change in his custody status since 2002. Plaintiff alleges there is a conspiracy regarding his custody status, including " a break down in their system any officer can walk into records and the computer room and do what they want." Plaintiff alleges that there is "unfounded information" in prisoner filed. Plaintiff specifically alleges that Defendant Alfaro's "sole purpose was to find any information to link Plaintiff to any wrong doing." In general, prisoners have no liberty interest in their classification status. Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976); Duffy v. Riveland, 98 F.3d 447, 457 (9th Cir. 1996); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Therefore, plaintiff's classification allegations do not indicate that Plaintiff has been deprived of any constitutional right. Plaintiff also alleges conduct regarding "prison politics." Plaintiff alleges that Defendant Lopez told certain inmates that Plaintiff is a pedophile and a homosexual. Plaintiff alleges that this was done "to have Plaintiff hit or killed." Plaintiff does not allege with factual specificity what particularized harm he was subjected to. The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).

The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer

v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklesness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

In order to state an Eighth Amendment claim, Plaintiff must allege with further specificity what conduct Defendant Lopez engaged in, and how that conduct harmed Plaintiff. A generalized fear of harm is insufficient to state a claim for relief. Plaintiff must allege facts indicating that Defendant Lopez was deliberately indifferent to a serious risk to Plaintiff's safety, resulting in injury to Plaintiff.

Plaintiff also seeks a transfer to another institution closer to his home, as he has three years remaining on his sentence. Prisoners have no liberty interest in being housed at a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225-27 (1976); United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1991)(per curiam); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)(per curiam); Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ.

P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated: February 16, 2007**
mmkd34

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE